United States District Court
Southern District of Texas
**ENTERED**
May 20, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Radley Bradford | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21−cv−00588 |
| | § | |
| Lending Club Corporation | § | |
| | § | |
| Defendant. | § | |

**Memorandum and Order
Regarding Discovery Motions,
Motions for Summary Judgment
and Analogous Motions to Dismiss**

This Memorandum and Order addresses motions for discovery, motions for summary judgment under Federal Rule of Civil Procedure 56, and motions to dismiss under Rule 12(b)(6) that ask this Court to consider matters outside the pleadings.

In view of the substantial waste of resources, public and private, that results from plainly improper motions of these types, the Court asks your cooperation as follows: (a) adhere to this Court's Rule 4C relating to discovery disputes; (b) do not designate a motion as one to dismiss an action under Rule 12(b)(6) that is in essence a motion for summary judgment; and (c) do not file a summary judgment motion which must be denied after consideration because some essential factual assertion is in dispute.

I.

Most discovery disputes, especially those dealing with (1) scheduling or calendaring issues; (2) the number, length, or form of oral or written questions; (3) the responsiveness of answers to oral or written questions; and (4) the mechanics of document production, including protective orders and the proper method of raising claims of privilege, should be resolved by counsel without court intervention.

Therefore, the Court will not permit the filing of any written discovery motions without prior approval (See Court's Procedures – Rule 4C).

II.

Federal Rule of Civil Procedure 12(b) authorizes the court to treat a motion to dismiss an action for failure to state a claim upon which relief can be granted as a motion for summary judgment under Rule 56 if matters outside the pleadings are presented. In order to assure fair procedure, however, this Court does not treat a 12(b)(6) motion to dismiss as a motion for summary judgment unless the non–moving party has received reasonable notice that a response of the type required by Rule 56 must be filed.

In the rare instances in which this Court treats a Rule 12(b)(6) motion to dismiss as one for summary judgment, it does so only to proceed promptly to an inevitable disposition and avoid needless further filings by counsel. The Court intends never to allow a party to gain any advantage by filing a Rule 12(b)(6) motion that refers to matters outside the pleadings (whether by attaching affidavits or through some other way) in the hope that it will be treated as a motion for summary judgment.

For these reasons and as a practical matter, the Court may simply deny a Rule 12(b)(6) motion to dismiss which relies on facts asserted outside the pleadings. By referring to matters outside the pleadings, the moving party impliedly represents that the Court should consider such material. Accepting that representation as correct, the Court will deny the motion unless summary judgment is appropriate. Summary judgment is not appropriate before the opposing party has had a reasonable opportunity to file a response that demonstrates a dispute of material fact.

Of course, a denial of such a Rule 12(b)(6) motion to dismiss will not bar the moving party from later contending that neither the pleading of the claim nor the

evidence on record asserts a claim upon which relief can be granted. Such a contention goes to the legal merit of the claim and can be asserted at any time before judgment is entered as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or as a motion for summary judgment under Rule 56.

III.

To the Court's concern, parties frequently file motions for summary judgment (or Rule 12(b)(6) motions to dismiss which depend on factual assertions not contained in the pleadings) before they can effectively demonstrate that the essential facts are undisputed. Perhaps this is explained by some fear that either the Court or opposing party may assert that the moving party has waived its opportunity to present such a motion. This fear is unwarranted. Rule 56 clearly states that motions for summary judgment may be filed at a later time without danger of waiver.

If counsel for the moving party knows that even one of the facts essential to a motion for summary judgment is in dispute, then the motion cannot properly be filed. As stated in Rule 11, counsel's signature on a motion is a certificate that, to the best of your "knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose ...." If counsel knows that some essential fact in the case is in dispute, the certificate is not proper even if counsel believes that the evidence is heavily weighted toward a favorable finding.

Bear this in mind: In deciding a motion for summary judgment, the Court cannot properly make findings on disputed issues of fact. It cannot weigh evidence. If evidence must be weighed, then it must be weighed at trial, and the motion for summary judgment must be denied.

In addition, a motion for summary judgment cannot be granted when, given the

state of discovery, it is not yet possible to ascertain whether essential assertions of fact made by the moving party will be in genuine dispute. In this circumstance, a motion requesting summary judgment is premature. It is a misuse of the time of both counsel and the Court for a party to file a motion for summary judgment before filing requests for admissions or other discovery devices designed to reveal whether the factual assertions on which the summary judgment motion is based are in dispute.

A motion under Rule 56 is timely filed when the pleadings clearly present no genuine issues of material fact. In cases pending before this Court, both parties are urged to defer filing motions for summary judgment before discovery is complete or where there is any doubt that some fact on which the motion is premised will be disputed.

These comments are not intended to discourage the filing of a motion for summary judgment before expenses have been incurred in extended discovery *if the motion is grounded on a legal theory under which the many factual controversies in the case are irrelevant*. If counsel files such a motion, however, it is improper under Rule 11 to add to the motion other grounds regarding facts which are in dispute. You may file a subsequent motion for summary judgment on such additional grounds if it becomes apparent after full discovery that the essential facts on which the additional motion is based are not in dispute.

The point is this: motions for summary judgment should present legal questions only. In deciding such motions, the court rules on questions of law only and *does not weigh evidence. See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348 (1986).

IV.

The Court further requests assistance in the resolution of motions for summary

judgment in the following manner. Each motion for summary judgment shall include a statement of the material facts of record as to which the moving party contends there is no genuine issue for trial, complete with page references to affidavits, depositions and other documentation, if any are included or attached. Failure to include such a statement may constitute grounds for denial of the motion. The party opposing the motion for summary judgment shall include a concise statement of the material facts of record as to which it contends that there exists a genuine issue for trial, complete with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts set forth in the statement served by the moving party will be deemed undisputed for purposes of the motion unless the statement served by the opposing parties asserts facts to the contrary.

Counsel for a moving party should bear in mind that the required statement shall be a "*concise* statement of the *material* facts." Fed R. Civ. P. 56 (emphasis added). It should be limited to facts that are *undisputed and essential* to judgment on each legal theory advanced. The moving party should bear in mind that the longer a fact statement, the more likely an opponent is to find some fact worthy of dispute. If an opponent disputes *any part* of a statement of facts, the moving party should establish that the opponent has *no evidence* (not merely less weighty evidence) to support the assertion that the questioned fact is one in genuine dispute. *A genuine dispute on one essential fact defeats a motion for summary judgment.*

## V.

Finally, if counsel files a motion for summary judgment and at any time thereafter is not prepared to certify that no genuine dispute exists as to any of the facts on which the relevant legal theory is based, counsel has a professional obligation to this Court to notify the clerk and opposing counsel. The motion will be treated as

withdrawn without prejudice to renewal if, at a later time, counsel is able to certify that it appears that no genuine dispute exists.

Counsel shall serve a copy of this Order upon all parties.

Signed on May 20, 2021, at Houston, Texas.

Vanessa D. Gilmore
United States District Judge