# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

RADLEY BRADFORD, individually, and on behalf of all others similarly situated,

  Plaintiff,

v.

LENDING CLUB CORPORATION,

  Defendant.

Case No. 4:21-cv-00588

Honorable Judge Vanessa D. Gilmore

## FIRST AMENDED CLASS ACTION COMPLAINT

**NOW COMES** RADLEY BRADFORD, individually and on behalf of all other similarly situated, by and through his undersigned counsel, complaining of LENDING CLUB CORPORATION, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. "Congress made it clear that the FCRA is designed to preserve the consumer's privacy in the information maintained by consumer reporting agencies." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) *citing* 15 U.S.C. § 1681(a)(4).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

5. RADLEY BRADFORD ("Plaintiff") is a natural person, who at all times relevant resided in Houston, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

7. Lending Club Corporation ("Defendant") is an online financial institution that specializes in issuing personal loans to consumers nationwide.

8. Defendant maintains its principal place of business in San Francisco, California.

9. Defendant regularly conducts business in Texas and is registered with the Texas Secretary of State.

## FACTUAL ALLEGATIONS

10. In February 2021, Plaintiff discovered that Defendant requested and obtained Plaintiff's Innovis and Trans Union credit reports without his authorization.

11. Specifically, Plaintiff discovered that Defendant obtained his Innovis credit report on March 1, 2019 and his Trans Union credit report on January 18, 2019, March 1, 2019, and February 8, 2020.

12. Plaintiff has never applied for a loan from Defendant or otherwise had any business relationship with Defendant.

13. Plaintiff did not receive a firm offer of credit from Defendant after Defendant obtained his Innovis and Trans Union credit reports.[1]

---

[1] "The term 'firm offer of credit' is defined in the FCRA as 'any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer.'" *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 726 (7th Cir. 2004) *citing* 15 U.S.C. § 1681a(l).

14. Accordingly, Plaintiff was perplexed by Defendant's acquisition of his highly confidential credit reports.

15. Defendant obtained Plaintiff's Innovis and Trans Union credit reports without Plaintiff's consent or authorization and without a permissible purpose enumerated in the FCRA.

16. Upon information and belief, Defendant misrepresented to Innovis and Trans Union that (1) Plaintiff applied for credit and or services from Defendant; (2) Plaintiff had a current business relationship with Defendant; or (3) Defendant will be making a firm offer of credit to Plaintiff.

17. As a result of Defendant's false representations, Innovis and Trans Union disseminated Plaintiff's highly confidential credit reports to Defendant.

18. At all times relevant, Defendant did not have a legitimate or lawful need for Plaintiff's credit reports.

## DAMAGES

19. Defendant's unlawful conduct resulted in significant harm to Plaintiff.

20. Defendant's conduct caused Plaintiff anxiety, distress, mental anguish, and led Plaintiff to fear that he may be a victim of identity theft as Plaintiff did not authorize Defendant's credit inquiries.

21. Moreover, Defendant's unauthorized access of Plaintiff's credit reports was highly intrusive and invaded Plaintiff's privacy.

22. Alarmed by Defendant's intrusive conduct, Plaintiff retained counsel to protect his privacy and enforce his rights.

## CLASS ALLEGATIONS

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Upon information and belief, Defendant systematically accesses consumers' credit reports by falsely representing to the credit reporting agencies that consumers are seeking a line of credit or loan from Defendant or that Defendant will be making firm offers of credit to consumers.

25. Defendant's systematic practice of accessing consumers' credit reports without a permissible purpose prescribed by the FCRA constitutes a willful and malicious violation(s) of 15 U.S.C. § 1681b(f).

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons within the United States (1) that had their consumer credit report(s) obtained by Defendant; (2) from Innovis and/or Trans Union; (3) within the five (5) years preceding the date of the original complaint through the date of class certification; (4) that were not existing customers of Defendant; (5) that did not apply for a loan from Defendant; and (6) that did not receive a firm offer of credit from Defendant.

27. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

28.    Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

29.    The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can be only be determined only through targeted discovery.

30.    The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

31.    The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

32.    There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

33.    Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

34.    Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

**D.     Superiority and Manageability**

35.    This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

36.    The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

37. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

### CLAIMS FOR RELIEF

#### Count I:
#### Defendant's violations of 15 U.S.C. § 1681b(f)
#### (On behalf of Plaintiff and the Members of the Putative Class)

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

44. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

45. Plaintiff's Innovis and Trans Union credit reports that Defendant obtained without a permissible purpose are each a "consumer report" as defined by §1681a(d)(1).

46. Defendant violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's Innovis and Trans Union credit reports without Plaintiff's authorization and without a permissible purpose enumerated in the FCRA.

47. As stated above, Plaintiff is not a current customer of Defendant and did not seek any credit and/or services from Defendant.

48. Moreover, Plaintiff did not receive a firm offer of credit from Defendant after Defendant obtained his Innovis and Trans Union credit reports.

49. Defendant willfully and maliciously violated §1681b(f) when it accessed Plaintiff's Innovis and Trans Union credit reports without a permissible purpose under the FCRA.

50. In the alternative, Defendant negligently violated §1681b(f) by obtaining Plaintiff's Innovis and Trans Union credit reports without a permissible purpose under the FCRA.

51. As described above, Plaintiff was harmed by Defendant's conduct.

52. Upon information and belief, Defendant knowingly and systematically obtains consumer credit reports without a permissible purpose as prescribed by the FCRA.

53. Upon information and belief, Defendant does not maintain policies and procedures to protect consumers' privacy interests and prevent the unlawful access of consumer credit reports.

54. Due to Defendant's unlawful conduct, Plaintiff is entitled to actual damages, statutory damages, and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, as follows:

    A. Granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

    B. Declaring that the practices complained of herein are unlawful and violate the Fair Credit Reporting Act;

    C. Enjoining Defendant from accessing consumer credit reports without a permissible purpose;

D. Awarding Plaintiff and the class members actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

E. Awarding Plaintiff and the class members statutory damages of $1,000.00 for each violation of the FCRA pursuant to 15 U.S.C. §1681n;

F. Awarding Plaintiff and the class members punitive damages in an amount to be determined at trial for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

G. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

H. Awarding any other relief this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: June 7, 2021                                                                                  Respectfully Submitted,

**RADLEY BRADFORD**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com